ALPHA PORTLAND CEMENT COMPANY, A NEW JERSEY CORPORATION, 1225; AMERICAN BANK NOTE COMPANY, A NEW YORK CORPORATION, 1249; CHICAGE FUSE MANUFACTURING COMPANY, AN ILLINOIS CORPORATION, 1207; LEHIGH PORTLAND CEMENT COMPANY, A PENNSYLVANIA CORPORATION, 1228; NORTH AMERICAN LIGHT & POWER COMPANY, A DELAWARE CORPORATION, 1198; NORTH AMERICAN LIGHT & POWER COMPANY OF DELAWARE, A CORPORATION AND NORTH AMERICAN LIGHT & POWER COMPANY OF MAINE, A CORPORATION, 1308; REPUBLIC FLOW METERS COMPANY, AN ILLINOIS CORPORATION, 791; THE YALE AND TOWNE MANUFACTURING COMPANY, A CONNECTICUT CORPORATION, 1238, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1929.*

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for claimants.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears to be the desire of both parties to consider all of the above entitled claims jointly, and it being satisfactory to this court to consider all the claims in one opinion. All of the claims are based upon and arising out of the payment to and the collection by the office of the Secretary of State of Illinois, of certain franchise taxes, initial fee and penalty, it

being the contention of claimants that the payments complained of were improper and illegal.

This court after a careful consideration of all the claims, is of the opinion that the principles involved in all these claims are the same as were discussed and decided by this court in the case of *Moline Plow Company, Inc.,* v. *State of Illinois,* filed on March 10, 1927, and reported in volume 5 of the Illinois Court of Claims, page 277, and the case of *Geo. P. Ide & Co., Inc.,* v. *State of Illinois,* No. 1215, Illinois Court of Claims, filed in this court on Oct. 24th, 1928.

The Attorney General comes and defends these cases citing the above opinions of this court and further that the moneys paid as complained of, were paid voluntarily. The court is of the opinion that the last contention possesses merit worthy of consideration from a legal viewpoint. However, it is the opinion of this court as stated in the Ide and Moline Plow Company cases, that where claimant has a remedy in courts of general jurisdiction and fails to pursue such remedy, that this court should not take jurisdiction. And it further appears to this court that it is not the intent and purpose of the Legislature of this State to hear and consider controversies between the claimants and the office of the Secretary of State of a nature that could and should be considered in courts of general jurisdiction. In other words, the Legislature does not desire to try lawsuits and as this court is in its very nature an advisory committee to the Legislature, it would not seem consistent for this court to invade the province of a court of general jurisdiction. The Constitution of the State of Illinois provides a method of determining legal and constitutional rights of individuals, corporations and State officers or other officials of State or local government created by Constitution or statute. Therefore it is the opinion of this court that claimants should have taken advantage of their remedies in the courts of general jurisdiction at the time the payments were made to the Secretary of State and thus determine in manner as provided by law the rights of the claimants and the duties of a State official.

For the reasons above set forth all of the above mentioned claims are disallowed.